**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| SAUL DIAZ,<br><br>Plaintiff,<br>v.<br><br>TOWN OF CICERO, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <br><br><br>NO. 22 CV 3670<br><br><br><br><br>JURY TRIAL DEMANDED |

**<u>COMPLAINT</u>**

NOW COMES the Plaintiff, SAUL DIAZ, by and through his attorney, BASILEIOS J. FOUTRIS, and for his Complaint against the Defendants, TOWN OF CICERO, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, states as follows:

**Nature of Action**

1. This action is brought pursuant to the Laws of the United States Constitution, through 42 U.S.C. §1983 and 42 U.S.C. §1988, to redress deprivations of the Civil Rights of the Plaintiff by the Defendants.

**Jurisdiction and Venue**

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, and 28 U.S.C. §1367.

3. At all relevant times, the Plaintiff was a resident of the State of Illinois in this Judicial District.

4. At all relevant times, Defendant, TOWN OF CICERO, was a municipal corporation located in the State of Illinois in this Judicial District. At all relevant times, Defendant, TOWN OF CICERO, was the employer of Defendants, OFFICER GARCIA, OFFICER ALVAREZ, and

OFFICER SERRANO. Defendants, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, were at all relevant times employed by Defendant TOWN OF CICERO as duly appointed POLICE OFFICERS acting within the course and scope of their employment and under color of law. Defendants OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO are being sued in their individual capacities with respect to the federal claims. The state claims against the TOWN OF CICERO are being advanced both on a *respondeat superior* basis, as that Defendant is the employer of the Defendant Officers, and pursuant to Illinois' indemnification statute

5. All the events giving rise to the claims asserted herein occurred within this Judicial District.

**Facts**

6. On July 24, 2020, the Defendant Officers arrested the Plaintiff, or caused the Plaintiff to be arrested.

7. The Plaintiff was arrested because the Defendant Officers falsely claimed that the Plaintiff was in possession of a firearm; and the Defendant Officers falsely accused the Plaintiff of being in possession of a firearm.

8. The Defendant Officers knew, or should have known, that the Plaintiff was not in possession of a firearm.

9. The Plaintiff's arrest was the direct result of the Defendant Officers actions, including their concocted and false story claiming that the Plaintiff was in possession of a firearm.

10. The Defendant Officers subsequently provided this same concocted/falsified account to prosecutors and in court proceedings, and also authored police reports that contained this concocted/falsified account (that the Plaintiff was in possession of a firearm).

11. The Plaintiff's arrest was made without legal justification, without reasonable suspicion, without a warrant, and without probable cause to believe that the Plaintiff had committed, was committing, or was about to commit a crime.

12. The false police reports authored by the Defendant Officers, and the false accounts to the prosecutors and in court proceedings, led to the Plaintiff being charged and prosecuted with possessing a firearm.

13. The Defendant Officers knew, or should have known, that there was no reasonable suspicion, probable cause, or legal justification to cause the Plaintiff to be detained, arrested, charged, indicted, and prosecuted for possessing a firearm.

14. Due to his arrest, the Plaintiff was confined and/or his movement and/or freedom was restricted in jail facilities, and in home confinement/house arrest, for a period of time as a proximate result of the Defendant Officers' actions. The Plaintiff was confined both before, and after legal process had begun in the criminal matter.

15. While the Plaintiff was on house arrest, he was not allowed any movement.

16. On October 4, 2021, a bench trial was held on the gun charge. The three Defendant Officers all testified during the bench trial. On October 4, 2021, the Plaintiff was found not guilty, following a bench trial, of the gun charge.

17. When the Cook County Circuit Court Judge found the Plaintiff not guilty, he stated: "I don't find Officer Garcia's representations correct or believable."

18. The Plaintiff's arrest was done without legal justification and without probable cause or reasonable suspicion. Further, the Plaintiff's pretrial, post legal process detention, and prosecution, was done without legal justification and without probable cause.

19. All of the Defendant Officers' above-referenced acts were intentional and/or willful and wanton and/or objectively unreasonable.

**COUNT I - 42 U.S.C. §1983**
**Fourth Amendment Violation/False Arrest – Defendant Officers**

20. The Plaintiff re-alleges Paragraphs 1 through 19, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 20.

21. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted and caused an unlawful/false arrest of the Plaintiff in violation of the United States Constitution.

22. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

23. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

24. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SAUL DIAZ, prays for judgment in his favor and against the Defendant Officers, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

## COUNT II - 42 U.S.C. §1983
## Fourth Amendment Violation/Unlawful Pretrial Detention/*Manuel* – Defendant Officers

25. The Plaintiff re-alleges Paragraphs 1 through 24, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 25.

26. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted and caused an unlawful pretrial, post legal process, detention of the Plaintiff in violation of the United States Constitution, as recognized in *Manuel v. Joliet*.

27. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

28. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

29. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SAUL DIAZ, prays for judgment in his favor and against the Defendant Officers, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT III - 42 U.S.C. §1983**
**Fourth Amendment Violation/*Thompson v. Clark* – Defendant Officers**

30. The Plaintiff re-alleges Paragraphs 1 through 29, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 30.

31. As described in the preceding paragraphs the conduct of the Defendant Officers, acting under color of law, constituted and caused an unlawful pretrial, post legal process, detention and prosecution of the Plaintiff in violation of the United States Constitution, as recognized by the U.S. Supreme Court in *Thompson v. Clark*.

32. The misconduct was undertaken by the Defendant Officers under color of law, under the course and scope of their employment, was objectively unreasonable and/or with malice, and/or was undertaken intentionally and/or with willful indifference to the Plaintiff's constitutional rights.

33. The acts of the Defendant Officers were undertaken in violation of the Plaintiff's rights as guaranteed by the United States Constitution.

34. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SAUL DIAZ, prays for judgment in his favor and against the Defendant Officers, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, awarding compensatory damages, punitive damages, attorney fees, and costs against the Defendants, as well as any other relief this Court deems just and appropriate.

**COUNT IV – Illinois State Law**
**Malicious Prosecution - TOWN OF CICERO**

35. The Plaintiff re-alleges Paragraphs 1 through 34, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 35.

36. As described above, Defendant, CICERO, by and through its agents and/or employees, arrested, commenced and/or continued criminal proceedings against the Plaintiff, or caused to be commenced and/or continued criminal proceedings against the Plaintiff, without probable cause or legal justification. The Plaintiff was charged and prosecuted with unlawfully possessing a firearm because of the false accusations of the Defendant Officers. The Defendant Officers directly caused the Plaintiff's criminal proceedings to be commenced and/or continued. The criminal proceedings were instituted with malice, and were ultimately terminated in the Plaintiff's favor.

37. The misconduct was undertaken by Defendant, CICERO, by and through its agents and/or employees.

38. As a direct and proximate result of the acts of the Defendant Officers, the Plaintiff was injured, suffered emotional anxiety, mental trauma, humiliation, fear, stress, pain and suffering, and other damages.

WHEREFORE, the Plaintiff, SAUL DIAZ, prays for judgment in his favor and against the Defendant, TOWN OF CICERO, awarding compensatory damages and costs against the Defendant, as well as any other relief this Court deems just and appropriate.

**COUNT V – Illinois State Law**
**Indemnification - TOWN OF CICERO**

39. The Plaintiff re-alleges Paragraphs 1 through 38, inclusive, and incorporates those Paragraphs herein, as though fully stated as this Paragraph 39.

40. At all relevant times the Defendant Officers were acting under color of law and under the course and scope of their employment.

41. At all relevant times the TOWN OF CICERO was the employer of the Defendant Officers.

WHEREFORE, the Plaintiff, SAUL DIAZ, pursuant to 745 ILCS 10/9-102, demands judgment against Defendant, TOWN OF CICERO, in the amounts awarded to the Plaintiff against the Defendants, OFFICER GARCIA, OFFICER ALVAREZ, and OFFICER SERRANO, and for whatever additional relief this Court deems just and appropriate.

**JURY DEMAND**

The Plaintiff demands a trial by jury on all Counts.

Respectfully Submitted by,

s/Basileios J. Foutris
BASILEIOS J. FOUTRIS
Attorney for Plaintiff
FOUTRIS LAW OFFICE, LTD.
53 W. Jackson, Suite 252
Chicago, IL 60604
312-212-1200
bfoutris@foutrislaw.com